MERCHANTS TRUST & BANKING COMPANY,

*vs.*

NATHANIEL M. JONES.

Penobscot.    Opinion June 27, 1901.

*Bills & Notes.    Promisor.    Indorser.    Payment.*

It is the settled doctrine of this state, that one not appearing to be a party to a negotiable promissory note, either as payee or indorsee, who puts his name on the back of it in blank, at its inception and before its negotiation, is presumed to be a joint and several promisor.

This presumption will prevail in favor of an innocent indorsee who receives the note for value, before maturity and in the ordinary course of business; and his rights can not be infringed by proof of any extrinsic facts which might affect the original parties to the contract, or those occupying their position and having their rights only.

Action upon a negotiable promissory note signed upon its face by one E. L. Houghton and upon its back by the defendant, payable to the Houghton Hardware Company, and indorsed by it. The defendant signed the note at its inception before its negotiation by the payee, and his signature is above the indorsement of the payee. This note was discounted by the plaintiff in the regular course of business for its customer, the payee, and without knowledge that the true facts and relations of the parties were otherwise than as disclosed by the note itself. This note was a second renewal of a note of like tenor with the same parties and in the same order. At the maturity of the note in suit, the Houghton Hardware Company sent to the plaintiff a new note similar in all respects to the note in suit, except that it did not bear the name thereon of the defendant, and in a letter accompanying this new note, said that it could not get the other name on the note, as the party was away from home, and suggested that if the plaintiff did not want to take this note, that it hold both notes. Accordingly, the plaintiff took the new note, but held the one in suit as collateral security therefor, and continued to hold the note in suit as collateral during the period covered by a number of renewals of the note thus taken without the defendant's signature, none of which notes so taken in renewal bore his signature. As a matter of fact, the defendant signed the note in suit for the accommodation and at the request of the Houghton Hardware Company, but the case discloses no facts or circumstances from which it might be fairly inferred that the plaintiff had knowledge that the defendant was merely an accommodation maker.

*Held;* that the plaintiff, having no knowledge to the contrary, had a right to rely upon the note itself and upon the presumptions of law that arose there-

from as to the liability of the various persons whose names appeared upon the note; that this note, signed by the defendant as one of two joint and several makers, was not paid by the new note taken at its maturity under these circumstances, and that the plaintiff had the right to hold the note in suit, thus acquired as collateral, for the new note taken under these circumstances without the defendant's signature, and that thereby the defendant was not released from liability.

On report. Judgment for plaintiff.

Action against defendant as one of the original makers of a promissory note. The facts appear in the opinion.

*G. H. Smith* and *H. T. Powers*, for plaintiff.

*L. C. Stearns* and *E. A. Holmes*, for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, FOGLER, POW-ERS, JJ.

WISWELL, C. J. Action upon a promissory note of the following tenor:

"$600.00                    Presque Isle, Me., Aug. 9, 1897.

Four months after date, I promise to pay to the order of the Houghton Hardware Company, six hundred dollars at the Merchants Trust and Banking Company. Value received.

E. L. Houghton."

The note was indorsed upon the back, first by the defendant, next by the payee, the Houghton Hardware Company, and last by G. A. Houghton. Over each indorsement were the words: "Waiving demand and notice."

The action is against the defendant as one of the original makers of the above note. The case shows that this note was the second renewal of a note of like tenor, signed by the same parties and in the same order; that at the maturity of the note in suit, December 9, 1897, the Houghton Hardware Company, for whom the plaintiff had discounted the original note and its renewals, sent to the Trust Company a new note similar in all respects to the note in suit, except that it did not bear the name thereon of the defendant; this note was dated December 9, 1897, and was on four months time. Accompanying this note, the treasurer of the Hardware Company

wrote to the treasurer of the banking company as follows : "Enclosed find renewal note as per enclosed notice. We could not get the other names on the note as the party was away from home. If you don't want to take it this way, please pin it to the old one and hold both. Check for discount $16."

Accordingly, on December 11, two days after the maturity of the note in suit, the Trust Company, without the knowledge of the defendant, took the note of December 9, but did not surrender the note in suit, holding it as collateral for the last named note. This last note was renewed from time to time by other notes, without the signature of the defendant, but similar in other respects and with the same names. On May 16, 1899, a note of the same kind was taken, but larger in amount, in renewal of the previous $600 note and of two other small notes, and this latter note was again renewed, the last one being dated January 16, 1900, on four months time, and had not become due at the commencement of this suit. The Trust Company continued to hold the note in suit as collateral for these various renewals.

Under these circumstances, is the defendant liable as one of the makers of the note in suit? That he was one of the original promisors, with E. L. Houghton, so far as appeared from the note, is not disputed, notwithstanding that his name was upon the back of the note. He signed the note at its inception, before the same was indorsed by the payee. He was consequently one of the original makers of the note and liable as such. *Woodman* v. *Boothby*, 66 Maine, 389 ; *Rice* v. *Cook*, 71 Maine, 559 ; *Bradford* v. *Prescott*, 85 Maine, 482.

"It is the settled doctrine of these states, (Maine and Massachusetts) that one not appearing to be a party, either as payee or indorsee, to a note payable to a payee therein named or his order, who puts his name on the back of it in blank at its inception and before negotiated, is a joint and several promisor. The legal presumption, in such case, is that it was done for the same consideration with the contract on the face of the note. And when there is no date as to such indorsement, the presumption is that it was made at the time when the note had its inception. This presumption will

prevail in favor of an innocent indorsee for value before due, and in the regular course of business; and his rights can not be infringed by proof of any extrinsic facts which might affect the original parties to the contract, or those occupying their position and having their rights only." *Bradford* v. *Prescott*, supra, and cases there cited. Nor does the use of the words "waiving demand and notice" in the least weaken or affect this presumption. *Bradford* v. *Prescott*, supra, and cases cited to that point.

But it is urged, in defense, that the defendant was in fact a surety, or an accommodation maker; and of this there is no question; he signed the note, in the manner that he did, for the accommodation and at the request of the Houghton Hardware Company, as he says, and before it was negotiated. Had this fact been known by the plaintiff, we have no doubt that the effect of taking the new note, without the knowledge of the defendant, would have been to release the defendant from liability, as was decided by this court in *Andrews* v. *Marrett*, 58 Maine, 539. But in that case the court said: "That the defendant was a mere surety on the note in suit, and that the plaintiff knew such to be the fact when he took it, is satisfactorily proved."

Here, while as a matter of fact, the defendant signed the note for the accommodation of the Hardware Company, the Trust Company had no knowledge of that fact, and there were no circumstances which should have placed the officers of that institution upon their inquiry. Having no knowledge to the contrary, the officers of the plaintiff corporation had a right to rely upon the note itself, and upon the presumptions of law that arose therefrom as to the liability of the various persons whose names appeared upon the note. They had a right to rely upon the settled doctrine of this state, that a person, not a party to the note, who signs his name upon the back of a note before its negotiation and before the indorsement of the payee, is, as to the indorsee, an original promisor.

This note, which the Trust Company took in good faith, for a valuable consideration, before maturity and without knowledge that the facts and relations of the parties were different from those disclosed by the note itself, has never been paid. True, shortly

after its maturity the other parties to the note gave a new note, but that was not in payment of the old one that the plaintiff held at the request of the Hardware Company, its customer, because it had not been paid.

The condition of affairs then was this: the plaintiff held this note of which the defendant was one of the makers, it was payable to the Hardware Company, and had been discounted by the plaintiff for that Company, the payee. The note was not paid at maturity, and the payee, being unable to obtain the signature of the defendant at that time for the purpose of making a renewal note, requested the Trust Company to continue to hold the note, which it already had, and which it had taken in the regular course of business, as collateral security for the new note. We think that the plaintiff could do this without thereby releasing the defendant from the liability, which he had assumed, as indicated by the note.

The plaintiff is accordingly entitled to judgment for the amount of the note in suit and interest thereon, less the amount of a payment of $25 which, it is admitted, should be allowed.

*Judgment accordingly.*